In the Matter of MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Debtor.

MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and Samuel R. Pierce, Jr., Secretary of U. S. Dept. of HUD, Defendants.

and

MANDALAY SHORES COOPERATIVE HOUSING ASSOCIATION, INC., Mary Riedel, and Ralph Meyer, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and Samuel R. Pierce, Jr., Secretary of U. S. Dept. of HUD, Defendants.

Bankruptcy No. 81–547.
Adv. No. 81–281.
Adv. No. 81–294.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Dec. 14, 1981.

## ORDER ON ALL PENDING MOTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case and the matters under consideration are the following Motions filed in the two above-captioned adversary proceedings: (1) Emergency Motion for Second Rehearing on Order on Application for an Emergency Preliminary Injunction to Restrain Defendants from Selling Mandalay Shores Apartments (sic); (2) Motion for Rehearing on Order on Application for an Emergency Preliminary Injunction to Restrain Defendants from Selling Mandalay Shores Apartments (Adv. # 81–294) filed by Mandalay Shores Cooperative Housing Association, Inc. (MSCHA); (3) Motion to Dismiss or to Abstain or in the Alternative Motion for Summary Judgment filed in Adversary No. 81–294; and (4) Motion to Dismiss filed in Adversary No. 81–281, both filed by United States Department of Housing and Urban Development (HUD) and Samuel R. Pierce, Jr., (Pierce) named as defendants in both Adversary Proceeding Nos. 81–281 and 81–294 respectively.

In Adversary No. 81–281, MSCHA and in Adversary No. 81–294, MSCHA, Mary Riedel and Ralph Meyer, the Plaintiffs, seek an order to prevent the Defendant from selling an apartment housing complex known as Mandalay Shores Apartments located in Clearwater Beach, Florida.

Both complaints are attacked by the Defendants, HUD and Pierce. The complaint in Adversary No. 81–294 is attacked by a Motion to Dismiss or in the Alternative a Motion for Summary Judgment. The complaint in Adversary No. 81–281 is also attacked by a Motion to Dismiss included in the Answer. All Motions were set down for hearing with notice to all parties of interest and at the hearing, the Defendants, HUD and Pierce, also urged, in addition to their Motions to Dismiss, that this Court should abstain and dismiss the complaints pursuant to 28 U.S.C. § 1471(d) and not consider the claims set forth in both adversary proceedings.

The Court heard argument of counsel for the respective parties, considered the entire record together with the record of civil suits now pending in the United States District Court for the Middle District of Florida, Case No. 80–356 Civ.-TH and Case No. 81–288 Civ.-TK in both of which the District Court denied all relief sought by a member of MSCHA. Both orders of dismissal are now on appeal and pending before the Eleventh Circuit Court of Appeals. The Court of Appeals denied a stay pending resolution of the appeal, just as the District Court denied the stay pending appeal in both cases. The facts relevant to the resolution of the matters under consideration as appear from the record are as follows:

Adversary No. 81–294 filed by MSCHA, Riedel, and Meyer presents a claim in four counts. In Count I of the original complaint, the Plaintiffs seek a decree determining their rights, if any, vis-a-vis the Defendants HUD and Pierce, and a decree declaring whether or not the Defendants have any duties to perform for their benefit and also whether or not the Defendants have a mandate under Title 12, U.S.C. § 1701z–11 and 42 U.S.C. § 1441 to maintain the project in a "decent, safe, and sanitary condition." The relief sought in Count II also seeks declaratory relief and a determination as to whether or not the Defendants violated certain rights allegedly granted to these Plaintiffs by 12 U.S.C. § 1701z–11; 42 U.S.C. § 1441, the Older Americans Act of 1965, 42 U.S.C. § 3001 et seq., P.L. 89–73, Title I, § 101 (July 14, 1965), 79 Stat. 219, Subsection (3) of 42 U.S.C. § 3001. In Count III, the Plaintiffs seek an order directing HUD to reject all bids received. This claim is based on an alleged impropriety by HUD of soliciting

and receiving sealed bids for the sale of the project. In Count IV, the Plaintiffs seek an order directing HUD to live up to certain alleged promises and agreements concerning the bid process and to compel HUD to consider an alleged pre-bid offer to purchase the complex submitted by Plaintiff, MSCHA.

■ Considering the Motion to Dismiss as addressed to these four counts, seriatim, it should be pointed out at the outset that it is evident and clear that this Court lacks jurisdiction over any controversy between the individual Plaintiffs, Riedel and Meyer, and the Defendants, HUD and Pierce. This is so because the controversy between the parties in no way "arises under or is related to" any proceeding under the Code which, by virtue of 28 U.S.C. § 1471(b), are the prerequisites of this Court's jurisdiction. This Court is equally satisfied that MSCHA fails to state a justiciable "case or controversy" in the first two Counts of the complaint, therefore, this Court lacks jurisdiction over the claims set forth in these Counts.

Counts III and IV of the same complaint, although they appear to present a "case or controversy" and a claim, albeit, colorable, they certainly do not "arise" under the Code and their relation to the proceeding under the Code, that is, to the Chapter 11 case, is at most tangential and peripheral. 1 *Collier on Bankruptcy,* (15th ed.) ¶ 3.01, p. 3–49. This conclusion is based on the following:

It is without dispute that MSCHA never was and still is not engaged in business in the orthodox sense. It was formed for the sole purpose of preventing the sale of the complex to a business enterprise because of the fear and apprehension of the tenants in the complex that if such sale occurs, they will lose their highly advantageous right of occupancy of their respective apartments. The motivation of the members of MSCHA is understandable and bears no criticism. This goal, however, has slight, if any, resemblance to the rehabilitative aims sought by Congress by the enactment of Chapter 11 of the Code. There is hardly any doubt

that this Chapter 11 case does not involve any property of the Debtor and that it was not filed for the purpose of adjustment of the respective rights of creditors of various classes, or to reorganize the ownership structure (there is none), but first for the obvious and sole purpose of invoking the powers of this Court to prevent the sale of the complex to an entity other than MSCHA and compel HUD to sell the complex to MSCHA, second for the purpose of preventing the dismantling and destruction of MSCHA through a state court receivership action instituted by some disillusioned and disgruntled members of MSCHA who sought to recover their contribution to MSCHA.

Considering the foregoing, this Court is satisfied that the Motion to Dismiss, addressed to the claims set forth in Counts I and II of the complaint in Adversary No. 81–294 filed by the Plaintiffs should be granted on the ground of lack of jurisdiction because the complaint merely seeks an advisory opinion in the guise of a declaratory judgment and does not present a justiciable "case or controversy." In addition assuming but not admitting that there is a subject matter jurisdiction this Court should abstain pursuant to 28 U.S.C. § 1471(d) for reasons stated in connection with the claims set forth in Adversary No. 81–294.

The complaint in adversary No. 81–281 sets forth a claim based on the Clean Air Act, 42 U.S.C., §§ 7601 et seq. claiming that the Defendants should be prohibited from selling the apartment complex under the terms proposed by the highest bidder because the complex contains toxic asbestos material which presents an imminent and clear danger to the health of the tenants of the complex, some but not all whom are members of MSCHA, which, as mentioned earlier, was formed by the tenants for the sole purpose of acquiring ownership of the apartment complex in order to prevent a possible conversion of the complex into a condominium. The claim for relief in this adversary proceeding is identical to the claim for relief asserted by one of the mem-

bers of MSCHA against the Defendants in Case No. 81–288 Civ.-TK, a claim which was rejected by the District Court and which is, as noted earlier, now pending on appeal. This Court initially entered an Order and dismissed this complaint on the ground that MSCHA had no standing to assert a claim under 42 U.S.C., §§ 7601 et. seq. (Clean Air Act), but upon a Motion for Rehearing, on October 19, 1981, this Court entered an Order and reinstated the claim but only that part of the complaint which asserted the claim based on 42 U.S.C. §§ 7601 et. seq. (Clean Air Act) and solely on the issue of standing and not based on any other issues involved. *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

The claim set forth in the complaint in Adversary No. 81–294 is based on the National Housing Act and basically seeks to block the sale of the complex by HUD to an entrepreneur and to compel the Secretary to sell the complex to MSCHA. This is, again, basically the identical claim presented to the District Court in Case No. 80–356 Civ.-TH which claim was rejected by the District Court and is in front of the Eleventh Circuit on an appeal filed by MSCHA. While the complaint has two additional grounds, as noted, purporting to present new issues not presented to the District Court, it is still based upon the ultimate proposition that the Secretary has no right to sell the project to the highest bidder and must sell the complex to the Plaintiff.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss the complaint in Adversary No. 81–294 treated as a Motion to Abstain under 28 U.S.C. § 1471(d) be, and the same hereby is, granted and the complaint and each count thereof be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Adversary No. 81–281 treated as a Motion to Abstain under 28 U.S.C. § 1471(d) be, and the same hereby is, granted and said complaint be, and the same hereby is, dismissed. The entry of this order, however, shall not

be construed to be an adjudication of the merits of any of the claims asserted in Case No. 80–356 Civ.-TH and 81–288 Civ.-TK by the Plaintiff, claims which are now involved in the appeals pending before the Eleventh Circuit Court of Appeals. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, the Motions for Preliminary Injunction are moot and, as such, denied. It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, it is unnecessary to rule on the Motion for Summary Judgment.